UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJINDER SINGH BRAICH,<br><br>    Plaintiff,<br><br>        v.<br><br>PHH MORTGAGE CORPORATION,<br><br>    Defendant. | Case No. 14-cv-04221-RS<br><br>**ORDER VACATING HEARING AND REQUIRING FURTHER BRIEFING** |

In this action, plaintiff Harjinder Singh Braich challenges a non-judicial foreclosure sale of certain residential property he owned in Union City, California. Although pleaded in several counts, the gravamen of Braich's claim is that defendant allegedly violated the California Homeowner Bill of Rights, specifically California Civil Code §2923.6, by engaging in so-called "dual tracking." Braich contends that defendant illegally pursued and consummated a foreclosure sale while a loan modification application he brought in the Fall of 2013 was pending.

Defendant moves to dismiss, arguing, among other things, that Braich had submitted no completed application sufficient to trigger the protections of §2923.6. As defendant also points out, however, §2923.6 applies only to "owner-occupied residential real property." *See* §2923.6 (j) ("This section shall apply only to mortgages or deeds of trust described in Section 2924.15"); Cal. Civil Code §2924.15 (§2923.6 "shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property . . . . For these purposes, 'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made

for personal, family, or household purposes.")

The allegations of the First Amended Complaint ("FAC") which must be accepted as true for purposes of a motion to dismiss, support a strong inference that the subject property was not "owner occupied residential real property" at the relevant time. Because Braich admittedly had submitted a prior loan modification application, when he reapplied in the Fall of 2013 he was obliged to establish a material change in his financial circumstances to be entitled to the protections of §2923.6. *See* §2923.6(g) ("In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan . . . unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.") The FAC alleges that Braich's reapplication relied on changed circumstances including his (1) having obtained a new job in Lodi, California, and (2) having rented out the subject property, thereby increasing his income and lowering his expenses. Although the complaint elsewhere alleges that Braich was a Union City resident "at all times mentioned," the reasonable inference is that at some point prior to submitting the loan modification application in dispute, Braich converted the property from his principal residence into an income-generating investment property. Thus, as presently pleaded, the complaint does not plausibly allege any claim that might require the subject property to have been Braich's primary residence at the time of the loan modification application.

Braich's opposition to the motion to dismiss fails to address this issue, perhaps because it was not a primary focus of the moving papers. Nevertheless, it appears to be a potentially dispositive issue. Accordingly, the hearing set for February 5, 2014 is vacated. Within 14 days of this order, Braich shall submit a supplemental brief, not to exceed ten pages addressing (1) whether he has alleged, or could allege, a claim under §2923.6 given whatever the facts may actually be with respect to his residency or non-residency in the subject property, and (2) whether

and the extent to which a failure to qualify for the protections of §2923.6, would or would not preclude any or all of his remaining claims. Within seven days thereafter, defendant may submit a response, also not to exceed 10 pages. The matter will then be submitted for decision or reset for oral argument, as may appear appropriate at that juncture.

**IT IS SO ORDERED**.

Dated: February 3, 2015

_____
RICHARD SEEBORG
United States District Judge

CASE NO. 14-cv-04221-RS